## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOVAN DUHART,

      Petitioner,

              v.

TAYLOR KRISTAN,

      Respondent.

Civil Action No.
1:23-cv-3947-SDG

### OPINION AND ORDER

This matter is before the Court on a 28 U.S.C. § 1915(e)(2)(B) frivolity review of *pro se* Petitioner's Complaint and Verified Petition for Return of a Child (the Petition) pursuant to Article 3 of the Hague Convention (the Convention) [ECF 3].[1] After careful review, the Court **DENIES** the Petition and **DISMISSES** this case for lack of subject matter jurisdiction.

### I.   Background

Petitioner, Jovan Duhart, is the father of minor A.D.[2] Duhart contends that he and the child's mother, Taylor Kristan, share joint legal and physical custody of A.D.[3] According to Duhart, as of June 4, 2023, the child has been wrongfully

---

[1]  Duhart also claims to file his petition pursuant to 18 U.S.C. § 1204, the International Parental Kidnapping Crime Act (IPKA). But that is a criminal statute and does not provide for a private right of action.

[2]  ECF 3, at 2.

[3]  *Id.*

detained by Kristan in Stuttgart, Germany.[4] Duhart filed this Petition on September 1, 2023 requesting a preliminary injunction hearing in an effort to obtain an order from this Court directing that A.D. be returned to the State of Georgia.[5]

## II.    Legal Standard

An *in forma pauperis* (IFP) complaint such as this one must be dismissed "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits

---

[4]    *Id*. at 1.

[5]    *Id*. at 6.

by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

## III.   Analysis

Article 3 of the Hague Convention seeks "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence." *Hanley v. Roy*, 485 F.3d 641, 644 (11th Cir. 2007). To implement the Convention, Congress enacted the International Child Abduction Remedies Act (ICARA), which establishes procedures for requesting return of a child wrongfully *removed to or retained in* the United States. 22 U.S.C. § 9003. The Act authorizes "[a]ny person" seeking return of a child under the Convention to file a petition in state or federal court. *Id*. The petition must be filed "in any court . . . which is authorized to exercise its jurisdiction *in the place where the child is located at the time the petition is filed*." *Id*. (emphasis added). *See also Friedrich v. Friedrich*, 78 F.3d 1060, 1063 (6th Cir. 1996) (Under the Hague Convention, "a court in the abducted-to nation has jurisdiction to decide the merits" of an ICARA petition); *Yang v. Tsui*, 416 F.3d 199, 201 (3d Cir. 2005) ("The District Court had jurisdiction pursuant to ICARA. . . . At the time [petitioner's] Petition was filed in the District Court, the child was located in Pittsburgh, Pennsylvania."); *Lops v. Lops*, 140 F.3d 927, 936 (11th Cir. 1998) (jurisdiction over petition in Georgia was proper where children were

located in Georgia, because ICARA jurisdiction is based on children's location, not traditional residency).

The child in this case was allegedly being wrongfully retained in Germany on September 1, 2023, the date Duhart filed this Petition.[6] Accordingly, this Court has no jurisdiction over Duhart's claims. Duhart's assertion that venue is proper based on Kristan's federal employment has no bearing on the jurisdictional analysis under ICARA.

## IV.   Conclusion

Duhart's Petition is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 16th day of November, 2023.

Steven D. Grimberg
United States District Court Judge

---

[6]   ECF 3, at 2–3.